THE STATE v. GREEN.

If it satisfactorily appear that the surveyors of the highways did take the oath of office in due time, before the proper Justices, and that such Justices did certify in proper time ; this court will not set aside the return. It may be shown by affidavits, that the persons by whom the surveyors were sworn, were Justices of the Peace of the county, residing in the respective townships, for which, the surveyors were chosen, and that the oaths of office, were in fact administered and subscribed in those townships.

Affidavits are very different from official and promissory oaths, which are not at all in the nature of evidence ;—an affidavit when offered to be read in evidence, must appear to have been taken before the proper officer, and in compliance with all legal requirements. The court cannot stop to inquire into the competency of the officer, or the place where it was taken.

The return of surveyors of the highways, will be set aside for uncertainty and incongruity.

This was a *certiorari* directed to the Common Pleas of the county of Hunterdon, to remove into this court, the return of a road, made by surveyors of the highways. The reasons relied upon by the plaintiff in *certiorari*, are stated in the opinion of the court, delivered by the Chief Justice.

*William Halstead,* for plaintiff.

*H. W. Green,* for defendant.

HORNBLOWER, C. J. The first reason relied on for setting aside the return in this case, is that the oath of office, required by the statute, was not duly taken by three of the surveyors.

The State *v.* Green.

The oaths of office in this case, as in the case of *The State* v. *Hutchinson,* 5 *Halst. R.* 242, are in the form prescribed by the statute, *Rev. Laws,* 343, *Section* 19. The *jurat,* of three of these, are also as in that case, subscribed by the persons before whom the oaths were taken, but without any indication of their being Justices of the Peace.

The statute requires that the oath or affirmation shall be taken, " before some Justice of the Peace, residing *in* or *near* the township," &c. But it does not appear upon any part of the . writing, where these oaths were taken and subscribed.

These objections are attempted to be overcome by affidavits read on the hearing, showing that the persons whose names are subscribed to the *jurats,* were Justices of the Peace of the county of Hunterdon, residing in the respective townships for which the surveyors were chosen, and that the oaths of office were in fact administered and subscribed *in* those townships.

The case of *The State* v. *Hutchinson* may be considered as settling the law, that it must appear on the face of the writing, or *in some other way,* that the person before whom it was taken, was a Justice of the Peace ; and though the case does not go so far, I do not see why there is not as much reason to require that it should appear on the proceeding, that the oath had been taken before a Justice *residing in* or *near* the township. It appears, however, by the affidavits which were read, not only that the persons before whom the oaths were taken and subscribed, were Justices of the Peace, but that they were Justices *residing* in the respective townships, and that the oaths were taken in the townships for which the officers had been chosen.

We are now called upon to say, whether this extraneous evidence is admissible ; or in other words, whether the omission can be cured by showing that the oaths were, in point of *fact,* taken before a Justice of the Peace, residing in or near the township, and the place where they were taken ?

In support of the objection founded on the omission to state in the writing itself, *where* the oath was made, and that it was made before a Justice, the counsel cited and pressed upon our notice, what was said in the case of *Peltier adsm. Receivers,*

The State *v.* Green.

*&c.* 2 *Green's R.* 259, 260, and in *Bennett* v. *The Camden and Amboy Rail Road Company*, 2 *Green's R.* 154, and the cases there referred to. But the rules laid down in those cases, refer to affidavits or depositions, to be read *in evidence* on the hearing or trial of a cause, or used as the foundation of some motion or proceeding in court. Affidavits are very different from official and promissory oaths, which are not at all in the nature of evidence—an affidavit when offered to be read in evidence, must appear on the face of it to be, what an affidavit ought to be, to entitle it to be read. It must appear to have been taken before the proper officer and in compliance with all legal requirements. The court cannot stop to inquire into the competency of the officer, or the place where its was taken. But these oaths of office, are not offered in evidence : the question here is, whether the surveyors *were*, as a matter of *fact*, duly sworn into office, or not. I do not feel disposed to go further than the court did in the case of *The State* v. *Hutchinson*, and so far from deciding, that it was not competent to prove by extrinsic evidence, where the oath had been taken, and whether the person subscribing the *jurat*, was a Justice or not, I think the language of the court as expressed by the late Chief Justice in that case, strongly indicates, that if it had been shown by external evidence, that the person who made and signed the certificate, was a Justice, it would have been sufficient—all that the court decided in that case, was, that it must appear upon the writing itself, or in *some other way*, that the directions of the statute, had been complied with.

The case of *The State* v. *Rogers*, was not like this—there, it is true, the surveyor had in fact taken the oath of office, in due season, before the proper officer ; and though the oath was filed within the six days, yet no certificate of the taking thereof, was affixed to it, until after the expiration of the six days.

The general and familiar doctrine, that a special and delegated authority, must be strictly pursued, and must appear to be so on the face of the order or proceeding, has in my opinion no application to this objection. It is not necessary that the surveyors, should show upon their return of a road, that they have been elected and qualified according to law. It is no part

The State *v.* Green.

of the order or proceeding brought into this court by the *certiorari*. The question of the competency of the surveyors, to act as such, is a collateral fact—it comes before us incidentally, and is to be proved or disproved by legal evidence.

Since therefore it satisfactorily appears to the court, that the surveyors in this case, did take their oaths of office in due time —that they took them before Justices of the Peace, residing in their respective townships, and that those Justices did certify the fact, and file the certificates in proper time, I am of opinion, that the first objection is not sustained.

2d, It is next objected, that the application, the notice and the appointment was to lay out a road along the line of the land of Jesse Moore—Whereas the return is, of a road *over* Jesse Moore's land.

It is not necessary in an application for a road, to do more than to designate the points and places, from and to which, the road is proposed to be laid out. *Rev. Laws*, 616, *Section* 2. If however the applicants undertake to be more specific, and thus throw the land holder, off his guard, I will not say there is no remedy—but if I can understand the papers in this case, there could have been no surprise on Jesse Moore. The application was for a road, *along* the lands of A. Reed, R. Hunt, N. R. Hunt and Asa Hunt, *on the northerly and westerly lines* of their lands. Now if Jesse Moore's land adjoined their's on the northerly or westerly lines thereof, a road could not be laid out *along* their lands *on* the northerly and westerly lines thereof, without running more or less over Jesse Moore's land.

But there appears to me to be an incongruity in the return itself, that is fatal to it. The surveyors say, they think a road applied for is necessary, and that they lay out the same as follows:—" The *north side* of the said road to begin at a stone in " &c. (which is the place of beginning proposed in the application and notice,)—" thence to run,"—and after going the several courses and distances, they say, " which said lines of course, are *in the middle* of the public road now laid out,"— and the surveyors then further explain themselves by saying, that the road is to be one rod wide on each side of the said lines. Now I cannot perceive how a place of beginning, which

is to be the *north* side of a road, and lines run from thence, are to get into the *middle* of the same road. For this uncertainty and incongruity, I think the return should be set aside and vacated.

FORD, J. and RYERSON, J. concurred.

*Return set aside.*

CITED in *N. J. R. R. & Tr. Co.* v. *Suydam,* 2 *Harr.* 62 ; *State* v. *Northrup,* 3 *Harr.* 276 ; *State* v. *Van Buskirk,* 1 *Zab.* 89 ; *State* v. *Bergen,* 1 *Zab.* 344.